Bruce H. Jackson, State Bar No. 98118
bruce.jackson@bakermckenzie.com
Anne M. Kelts (298710)
anne.kelts@bakermckenzie.com
**BAKER & McKENZIE LLP**
Two Embarcadero Center, 11th Floor
San Francisco, CA 94111
Telephone: +1 415 576 3000
Facsimile: +1 415 576 3099

Nicholas O. Kennedy, State Bar No. 280504
nicholas.kennedy@bakermckenzie.com
**BAKER & McKENZIE LLP**
2300 Trammell Crow Center
2001 Ross Avenue
Dallas, TX 75201
Telephone: +1 214 978 3000
Facsimile: +1 214 978 3099

Attorneys for Plaintiff
VITALY IVANOVICH SMAGIN

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| VITALY IVANOVICH SMAGIN,<br><br>Plaintiff,<br><br>v.<br><br>ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN; CTX TREUHAND AG as Trustee for the ALPHA TRUST,<br><br>Defendants. | **Case No. 2:17-cv-6126**<br><br>**COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE** |

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

Plaintiff Vitaly Ivanovich Smagin ("Mr. Smagin"), by his attorneys, Baker & McKenzie LLP, hereby files this Complaint for Recovery of Fraudulent Conveyance against Defendants Ashot Yegiazaryan, a/k/a Ashot Egiazaryan ("Mr. Yegiazaryan"), and CTX TREUHAND AG, as Trustee for the ALPHA TRUST ("CTX" and collectively with Mr. Yegiazaryan, "Defendants") and in support alleges as follows:

## INTRODUCTION

1. This Complaint arises out of Mr. Yegiazaryan's fraudulent scheme to destroy Mr. Smagin's ability to enforce a confirmed arbitral award (the "London Award") and this Court's judgment against him dated March 31, 2016 in the amount of $92,503,652 (the "Judgment").[1] A true and correct copy of the Judgment is attached hereto as **Exhibit A**.

2. While Mr. Yegiazaryan's asset concealment has been going on for years, this particular action focuses on his June 2015 transfer of more than $188 million into a newly formed Lichtenstein trust (the "Alpha Trust") just days after he received the funds. Mr. Yegiazaryan made this transfer more than six months after the London Award ordered him to pay Mr. Smagin over $84 million and more than five months after Mr. Smagin filed an action in this Court to confirm the London Award under the New York Convention.[2]

3. Mr. Yegiazaryan's receipt of this money and its immediate transfer to the Alpha Trust in Lichtenstein was not mere happenstance. Mr. Yegiazaryan received the money in settlement of an unrelated arbitration which Mr. Smagin discovered and made this Court aware (the "Kerimov Settlement"). Indeed, before Mr. Yegiazaryan received the Kerimov Settlement funds, Mr. Smagin successfully obtained from this Court a TRO, and later a preliminary injunction, *specifically referencing* the proceeds from the Kerimov Settlement and recognizing that they were the most likely source of

---

[1] *Vitaly Ivanovich Smagin v. Ashot Yegiazaryan*, Case No. 2:14-cv-09764-R-PLA (C.D. Cal.).

[2] 9 U.S.C. §§ 201 et. seq.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

recovery for Mr. Smagin. In fact, pursuant to this Court's order, those proceeds were to be *frozen* for Mr. Smagin's benefit the moment they entered California (which they regrettably did not). Mr. Yegiazaryan's subsequent receipt of the funds and decision to transfer the proceeds to the Alpha Trust in Lichtenstein was a calculated decision to circumvent this Court's order and thereby to destroy Mr. Smagin's right to recovery.

4. The circumstances unequivocally demonstrate that Mr. Yegiazaryan's transfer was made with the specific intent to prevent Mr. Smagin from recovering on the London Award (which is now a Judgment of this Court) while unjustly enriching Defendants. This fraudulent transfer should be avoided to put Mr. Yegiazaryan's scheming to an end, and so that Mr. Smagin can finally recover the tens of millions he has long been owed.

## PARTIES

5. Mr. Smagin is an individual Russian citizen and businessman residing at Krasnoproletarskaya St., h. 9, 127006, Moscow, Russia. Mr. Smagin is the successful claimant in the arbitration before the London Court of International Arbitration giving rise to the London Award against Mr. Yegiazaryan and the judgment creditor pursuant to the $92,503,652 Judgment entered by this Court against Mr. Yegiazaryan on March 31, 2016. *See* Exhibit A.

6. Defendant Ashot Yegiazaryan, a/k/a Ashot Egiazaryan, is a Russian national currently residing at 655 Endrino Place, Beverly Hills, California 90201. He was the respondent in the arbitration giving rise to the London Award and is now a judgment debtor pursuant to this Court's Judgment as a result of a successful petition to confirm that award in this Court.

7. Defendant CTX Treuhand AG is a stock corporation organized under the laws of Liechtenstein with its registered office at 9490 Vaduz, Lova-Center. CTX acts as the sole trustee of the Alpha Trust, a trusteeship which was set up on May 27, 2015 under the laws of Liechtenstein and has been registered in the Liechtenstein

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

2

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

commercial register under registration number FL-0002.510.7711 since November 30, 2015.

## JURISDICTION AND VENUE

8.  This Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(3) because the amount in controversy is more than $75,000, and this action is between Mr. Smagin, a citizen of a foreign country, and Mr. Yegiazaryan, a resident of California. This Court also has supplemental jurisdiction under 28 U.S.C. §1367(a) over the claims against CTX, the recipient of the fraudulent transfer and current holder of the fraudulently transferred property, because those claims are so related to claims in the action within the Court's original federal question jurisdiction (confirmation and enforcement of the London Award under the New York Convention) that they form part of the same case or controversy. Supplemental jurisdiction over CTX in this proceeding to set aside the fraudulent transfer CTX received is essential to prevent Mr. Yegiazaryan's efforts to avoid this Court's original Judgment and to give effect to this Court's Judgment in the original action against Mr. Yegiazaryan.

9.  This Court has personal jurisdiction over Mr. Yegiazaryan because he resides in the state of California. This Court has personal jurisdiction over CTX because, among other California contacts, (1) a CTX representative travelled to and met with Mr. Yegiazaryan in California for the purpose of concluding the trust arrangements at issue in this action,(2) CTX solicited trust business from a California resident, (3) CTX purposefully directed its trust administration activities at a California resident, (4) CTX created continuing contractual obligations between itself and a resident of this state, and (5) CTX purposefully derived and continues to derive benefit from activities in California.

10. Venue is appropriate in the Western Division of the Central District of California because Mr. Yegiazaryan's residence is in Los Angeles County, California, and the wrongful acts were initiated and carried out by Mr. Yegiazaryan through acts and communications initiated in Los Angeles County, California.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

3

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

# GENERAL ALLEGATIONS

## The London Award and Arbitration Proceedings

11. On November 11, 2014, an arbitration panel duly constituted under the Rules of the London Court of International Arbitration rendered its final award in *Vitaly Ivanovich Smagin, Claimant, v. Kalken Holdings Limited and Ashot Yegiazaryan, Defendants*, LCIA Case No. 101721.[3] The Arbitration was conducted in London, UK, during the periods of September 23 through 27, 2013, January 14, 2014, and April 15, 2014. The final award was issued on November 11, 2014 (defined above as the "London Award"). The London Award is a foreign arbitral award covered by the New York Convention because the place of arbitration and the place of the award is London, UK.

12. The arbitration against Mr. Yegiazaryan arose out of a series of disputes relating to the investment in and operation of a retail complex in Moscow and a related venture involving the financing of the refurbishment of a Moscow hotel.

13. In the London Award, the arbitration panel awarded damages in favor of Mr. Smagin, and against Mr. Yegiazaryan, in the total amount of **$84,290,064.20** (with interest at the annual rate of eight (8) percent, compounded quarterly, on the amount of $79,142,701.32, from November 11, 2014 until paid).

14. Pursuant to Article 26.9 of the LCIA Rules: "All awards shall be final and binding on the parties. By agreeing to arbitration under these Rules, the parties undertake to carry out any award immediately and without any delay (subject only to Article 27); and the parties also waive irrevocably their right to any form of appeal, review or recourse to any state court or other judicial authority, insofar as such waiver may be validly made." The London Award was thus final and immediately due

---

[3] Kalken Holdings Limited, a company existing under the laws of Cyprus and controlled by Mr. Yegiazaryan, was also a respondent in the Arbitration. The London Award was issued jointly and severally as to both respondents, but confirmation was sought in this Court only as to Mr. Yegiazaryan.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

4

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

payable to Mr. Smagin.  Nevertheless, Mr. Yegiazaryan has at all times up to the present refused to make payment on this award.

**The Petition to Confirm and Original Injunctive Relief**

15. On December 22, 2014, Mr. Smagin filed a petition with this Court to confirm the London Award and enter judgment against Mr. Yegiazaryan under the New York Convention.

16. At the time of filing the Petition for Confirmation, Mr. Smagin also sought and received preliminary injunctive relief against Mr. Yegiazaryan based on Mr. Yegiazaryan's acknowledged pattern and practice of concealing beneficial ownership of assets by holding them in the name of foreign nominee persons or companies.  Indeed, much of the basis of the London Award rests upon Mr. Yegiazaryan's past acts to conceal and misappropriate assets from Mr. Smagin through the use of entities in foreign jurisdictions, including in Cyprus and the British Virgin Islands.

17. In his application for injunctive relief, Mr. Smagin advised this Court of one asset in particular that was a likely source of enforcement/satisfaction of the London Award.  Namely, Mr. Yegiazaryan was the recipient of a substantial arbitration award in an unrelated arbitration against fellow Russian businessman Suleyman Kerimov (the "Kerimov Award").  At the time Mr. Smagin discovered the existence of the Kerimov Award, the funds had not yet been paid to Mr. Yegiazaryan, but past experience suggested that Mr. Yegiazaryan was likely to transfer the proceeds of the Kerimov Award into some nominee relationship in a foreign country in order to avoid his payment obligations to Mr. Smagin under the London Award when those funds were ultimately received.

18. On December 23, 2014, this Court granted Mr. Smagin's application for a temporary protective order, finding that "based on Petitioner's previous dealings with Respondent and on the evidence submitted with the application, the Court finds that Petitioner will suffer great and irreparable injury if issuance of the orders delayed

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

5

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

until the matter may be heard on notice. Accordingly, the Court will issue a Temporary Protective Order." However, notwithstanding Mr. Smagin's request for restraint against transfer of assets anywhere, the Court limited the relief to Mr. Yegiazaryan's assets in California.

19. The Temporary Protective Order provided that "Respondent Ashot Yegiazaryan, his agents, and/or any person or entity acting under his direction and control shall not take any action to transfer, assign, conceal, diminish, or dissipate any property located in California—in an amount up to $84,290,064.20—that may be used to satisfy the foreign-arbitral award payable to Vitaly Smagin, including specifically and without limitation the **amounts received or to be received by Respondent Yegiazaryan, his agents or any person or entity acting under his direction and control in payment or satisfaction of an arbitration award from Suleyman Kerimov.**"

20. On February 10, 2015, the Court granted a stipulation of the parties to stay the confirmation proceedings pending the outcome of challenges to the London Award that Mr. Yegiazaryan had raised in the London High Court (and that have since been rejected entirely). The parties also stipulated, and the Court ordered, that a preliminary injunction on the same terms as the Temporary Protective Order remain in place. This injunction again referred specifically to the Kerimov Award proceeds and again enjoined Mr. Yegiazaryan from any actions to diminish or conceal those proceeds (again limited to California).

21. On July 9, 2015, the London High Court decisively rejected Mr. Yegiazaryan's challenges to the London Award. As a result of the conclusion of the London High Court proceedings, the stay of confirmation proceedings before this court automatically expired.

**The Worldwide Preliminary Injunction**

22. Later in the summer of 2015, Mr. Smagin began receiving information indicating that Mr. Yegiazaryan had either settled or was in the process of settling the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

6788343-v5\SFODMS

6

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

Kerimov Award for a large cash payment—the same award referenced in the stipulated preliminary injunction, the proceeds of which (within California) Mr. Yegiazaryan was not to conceal or dissipate by order of this Court.  Mr. Smagin also learned that Mr. Yegiazaryan had taken steps to enforce the Kerimov Award in Cyprus.  Thus, on September 2, 2015, Mr. Smagin's Cypriot counsel obtained leave of the Cyprus court to search the court files for evidence of a settlement.  Eventually, counsel was able to review documents confirming that on May 26, 2015, Mr. Yegiazaryan asked for leave of the Cyprus court to withdraw his application to enforce the Kerimov Award on the basis that the matter had been "settled out of court."

23.  Based on this information, Mr. Smagin applied to this Court for a worldwide preliminary injunction restraining Mr. Yegiazaryan from concealing or dissipating the proceeds of the Kerimov Award and Settlement.  This was an extension and expansion of the California freeze, which remained at all times in effect.

24.  By order of September 18, 2015, this Court, granted Mr. Smagin's motion for an expanded preliminary injunction accompanied by expedited discovery.  The Court stated: "Plaintiff believes on good authority that Defendant Yegiazaryan has secured a $100 million settlement in an unrelated case.  Afraid that Defendant Yegiazaryan will attempt to conceal the proceeds of the settlement, Plaintiff asks this Court to issue an expanded pulmonary injunction to prevent Yegiazaryan's concealment of assets worldwide."  This Court concluded: "The evidence demonstrates that Plaintiff Smagin will suffer irreparable harm if the current injunction is not expanded to encompass Defendant Yegiazaryan's worldwide reach. . . . Plaintiff Smagin has provided this Court with testimony from Defendant Yegiazaryan himself where he admits to using nominees and offshore companies to conceal his assets."

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

6788343-v5\SFODMS

7

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

25. Accordingly, this Court issued a worldwide injunction enjoining and preventing Mr. Yegiazaryan from transferring, concealing, diminishing or dissipating property in an amount up to $84,290,064.20. This injunction again included and *specifically referenced* the funds received in satisfaction of the Kerimov Award.[4]

**The Judgment**

26. On March 17, 2016, this Court granted Mr. Smagin's motion for summary judgment on his petition for confirmation of the London Award. On March 31, 2016, entered judgment in favor of Mr. Smagin and against Mr. Yegiazaryan in the amount of $92,503,652, which included interest to the date of judgment (defined above as the "Judgment"). *See* Exhibit A.

27. The award and Judgment are fully due and payable. There are no legal challenges remaining to the substance of the London Award, as Mr. Yegiazaryan's legal challenges have all been rejected. Moreover, while Mr. Yegiazaryan initially appealed this Court's award confirmation and resulting Judgment to the Ninth Circuit Court of Appeals, in his recently-filed opening brief he abandoned all legal challenges to the award confirmation, and now pursues only his appeal of attorneys' fees awarded against him for his bad faith refusal to pay the award and to impede confirmation. And in any event, the Ninth Circuit refused to stay enforcement of the Judgment pending Mr. Yegiazaryan's appeal.

**Mr. Yegiazaryan's Fraudulent Scheme to Conceal the Proceeds of the Kerimov Award**

28. Mr. Yegiazaryan at all times knew that there was a substantial likelihood that the London Award would be confirmed by this Court and that his London challenges to the award would be rejected (as they ultimately were). He also knew, based on the request for injunctive relief that accompanied the confirmation petition filed with this Court on December 22, 2014, that Mr. Smagin was well aware of the

---

[4] This order was later stayed by the Ninth Circuit pending Mr. Yegiazaryan's appeal of the preliminary injunction and subsequently dissolved and the appeal dismissed after this Court entered final judgment confirming the London Award.

8

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

Kerimov Award, that proceeds from that award would be the likely best source for payment of Smagin's substantial award against Mr. Yegiazaryan, and that Mr. Smagin was likely to take immediate enforcement efforts upon Mr. Yegiazaryan's receipt of those proceeds.

29. Mr. Yegiazaryan had no intention of paying the London Award or of allowing any of his assets to be subject to execution or enforcement. Instead, his plan, consistent with historical practice, was to make sure any assets were concealed and placed out of reach of Mr. Smagin. Mr. Yegiazaryan's transfer of the proceeds of the Kerimov Settlement to the Alpha Trust in Lichtenstein at issue in this action accomplished that purpose.

30. Unbeknownst to Mr. Smagin, by the time he filed the September 2015 application to this Court to expand the stipulated preliminary injunction to include worldwide assets, Mr. Yegiazaryan had already settled the Kerimov Award and had taken steps to conceal the proceeds and place them out of reach of Mr. Smagin by depositing them in the Alpha Trust.

31. Mr. Smagin did not learn of these facts until February 9, 2016, when his ex parte application to intervene in Mr. Yegiazaryan's Los Angeles Superior Court divorce proceedings was granted and Mr. Smagin was given access to documents improperly filed under seal in the divorce court.

32. Review of these divorce court documents disclosed that while Mr. Smagin was pursuing enforcement of the London Award in this Court, in May 2015, Mr. Yegiazaryan settled the Kerimov Award for a substantial cash payment (defined above as the "Kerimov Settlement"). Mr. Yegiazaryan personally received $188 million in proceeds from the Kerimov Settlement (the settlement amount net of attorneys' fees and costs). Unfortunately, this Court's prior orders did not stop Mr. Yegiazaryan from concealing the Kerimov Settlement. No doubt cognizant of the California injunction, Mr. Yegiazaryan did not accept payment of the Kerimov Settlement in California. Instead, as Mr. Smagin predicted, Mr. Yegiazaryan funneled

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

9

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

the $188 million he received through his attorneys in London into a hastily formed Lichtenstein trust over which he retained near complete control (defined above as the "Alpha Trust").

33. The trustee of the Alpha Trust is CTX Treuhand AG, a Liechtenstein corporation engaged in substantial trust services (defined above as "CTX"). CTX solicited this trust business through substantial telephone and email negotiations with Mr. Yegiazaryan in California. Moreover, Nicholas Wilhelm, one of the principals of CTX, traveled to and met with Mr. Yegiazaryan in California in order to finalize funding of the trust. Since the Alpha Trust was established and funded, CTX has had continuous communications with Mr. Yegiazaryan, the settlor and protector of the trust, in California for purposes of administration of the trust and for receiving instructions.

34. The Alpha Trust was formed on May 27, 2015. It was funded just over a week later, after Nicholas Wilhelm travelled to California to meet with Mr. Yegiazaryan. On June 5, 2015, Mr. Yegiazaryan's attorneys at Gibson Dunn, at Mr. Yegiazaryan's request, transferred $188,146,102.08 into a bank account held by the Alpha Trust. These were the proceeds of the Kerimov Settlement, after a payment to Gibson Dunn for its representation of Mr. Yegiazaryan. Notably, the Kerimov Settlement was paid to Mr. Yegiazaryan personally—in other words it is his own *personal* asset. Interestingly, the trust formation and transfer of assets occurred just shortly before the London High Court rejected Mr. Yegiazaryan's challenges to the London Award.

35. Mr. Smagin learned about this duplicity only by closely monitoring Mr. Yegiazaryan's California divorce proceedings, intervening in the case, and successfully moving to unseal documents filed in the case. These unsealed documents included a joint stipulation (the "Family Law Stipulation"), which had been improperly filed under seal. In July 2015, Mr. Yegiazaryan and his wife filed the Family Law Stipulation with the Los Angeles Superior Court, in which they

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

10

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

confirmed that the $188 million Kerimov Settlement had been placed in a Liechtenstein trust. They also confirmed that "the parties' community estate has an interest in the Kerimov settlement funds and other various awards in the LCIA and other jurisdictions. The parties stipulate that their community interest in the Kerimov settlement funds **shall be used to satisfy community creditors and claimants.**" Of course, Mr. Smagin was and is one of those creditors. Yet Mr. Yegiazaryan had no intention of using this money to pay him.

36.     Thus, when it served Mr. Yegiazaryan's interest of placating his wife in the divorce proceeding, he freely identified the Kerimov Settlement as a community asset that would be used to pay community creditors. In fact, Mr. Yegiazaryan told the Superior Court that payment of those creditors would be subject to court oversight and that he would execute such instructions as the court required in order to satisfy those obligations. Mr. Smagin is such a creditor, but when Mr. Smagin intervened in the divorce proceeding and stated his claim, Mr. Yegiazaryan fought that intervention and Mr. Yegiazaryan and his wife ultimately dismissed their divorce case to avoid having to satisfy Mr. Smagin's award and Judgment as part of an ultimate divorce judgment. Despite dismissing the divorce, Mr. and Mrs. Yegiazaryan still live apart.

37.     There is similarly no doubt that Mr. Yegiazaryan set up the Alpha Trust in order to conceal his assets and (attempt) to place them outside this Court's jurisdiction. When the existence of the Alpha Trust was revealed, Mr. Yegiazaryan tried to enter into a secret deal to placate his wife while continuing to hide his assets from real creditors. When Mr. Smagin became a fly in that ointment and unmasked the secret filing, Mr. Yegiazaryan and his wife decided to dismiss the public divorce proceedings and attempt to resolve their issues in private. Unfortunately for them, unsealing of the documents had already let the Lichtenstein cat out of the bag.

38.     Analysis of the settlement, related correspondence, and Alpha Trust documents show that Mr. Yegiazaryan wanted to hide his assets, but at the same time maintain control over them. In addition to being a beneficiary, Mr. Yegiazaryan is the

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA  94111
Tel: 415 576 3000

6788343-v5\SFODMS

11

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

settlor and protector of the Alpha Trust and must consent to distributions, consent to beneficiaries, and even controls the investments made by the trust. Most strikingly, Mr. Yegiazaryan retained the authority to ***dismiss and appoint trustees at will*** and without any cause whatsoever. In other words, if the trustees do not do Yegiazaryan's bidding, he can immediately dismiss them and replace them with someone who will (including himself).

39. This scheme to fraudulently transfer the funds necessary to satisfy the Judgment to the Alpha Trust where Mr. Yegiazaryan intends to keep them squirreled away must be undone. Mr. Smagin seeks this Court' assistance to undo this transfer so that he can collect the Judgment and finally receive payment for the harms he suffered more than a decade ago.

## FIRST CLAIM FOR RELIEF

### (For Avoidance and Recovery of Intentional Fraudulent Transfer and Other Relief, Cal. Civ. Code § 3439.04(a)(1))

40. Mr. Smagin realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 39, inclusive, as set forth above.

41. The above-mentioned transfer of the Kerimov Settlement proceeds into the Alpha Trust was done in anticipation of likely adverse rulings in Mr. Yegiazaryan's London High Court challenges to the London Award and the confirmation proceedings before this Court, as part of a fraudulent scheme so that these proceeds would be out of Mr. Smagin's reach and unavailable for him to collect in satisfaction of the Judgment.

42. Mr. Yegiazaryan made the above-mentioned transfer of the Kerimov Settlement proceeds into the Alpha Trust with the intent to hinder, delay or defraud Mr. Smagin in collecting on his arbitration award and to prevent Smagin from recovering on the London Award and ultimate Judgment. So far, Mr. Yegiazaryan has succeeded.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

12

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

43. Yegiazaryan acted with fraud, oppression and malice as to Mr. Smagin though his fraudulent concealment of his assets and his repeated and persistent refusal to satisfy the London Award and the Judgment.

44. Mr. Smagin has been damaged thereby in being unable to recover on the London Award and the Judgment and by having to incur costs and expenses in pursuing enforcement against Mr. Yegiazaryan, including the cost and expense of seeking relief in this action and in proceedings in Lichtenstein that would have been unnecessary had Mr. Yegiazaryan not completed the fraudulent transfer, and by the loss of use of the funds he would have otherwise obtained long ago.

45. The transfer of the Kerimov Settlement proceeds into the Alpha Trust was fraudulent as to Mr. Smagin under California Civil Code Section 3439.04(a)(1) and other applicable law.

## SECOND CLAIM OF RELIEF

### (For Common Law Fraudulent Conveyance)

46. Smagin realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 45, inclusive, as set forth above.

47. Mr. Yegiazaryan is liable for common law fraudulent conveyance as to Mr. Smagin by deliberately engaging in a scheme to transfer his personal assets (the Kerimov Settlement proceeds) into the Alpha Trust for the purpose of shielding those assets from collection in satisfaction of the London Award and the Judgment.

48. Mr. Smagin has suffered damages and is likely to suffer additional damages resulting from Mr. Yegiazaryan's conduct. Mr. Smagin is being hindered in recovering, or is unable to recover on, the London Award and resulting Judgment in this Court and is incurring, among other things, the loss of use of funds he could otherwise recover, along with the fees, costs and other expenses incurred in order to fight Mr. Yegiazaryan's misconduct. At the same time, Mr. Yegiazaryan seeks to unjustly enrich himself by taking profits on the funds in the Alpha Trust.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

13

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

49. Mr. Yegiazaryan acted with fraud, malice and oppression as to Mr. Smagin though his fraudulent concealment of his assets and his repeated and persistent refusal to satisfy the London Award and the Judgment.

# **PRAYER**

WHEREFORE, Mr. Smagin prays for relief as follows:

A. For entry of an order:

    a. Avoiding the transfer of the Kerimov Settlement proceeds into the Alpha Trust in an amount necessary to satisfy the London Award and the Judgment -- $92,503,652, plus all interest, costs, and attorney's fees incurred prior to the date of full satisfaction of the London Award and Judgment;

    b. Requiring Mr. Yegiazaryan and CTX, as trustee of the Alpha Trust, to take all steps necessary to effectuate the transfer from the Alpha Trust of the full amount of funds necessary to satisfy the London Award and the Judgment -- $92,503,652, plus all interest costs, and attorneys' fees incurred prior to the date of full satisfaction of the London Award and Judgment—into the name of Mr. Yegiazaryan in a California account to be approved by the Court;

    c. Requiring Mr. Yegiazaryan and CTX, as trustee of the Alpha Trust, to report in writing to the Court and to Mr. Smagin, of all steps being taken to carry out the terms of the Court's order in (a) and (b) above;

    d. Requiring Mr. Yegiazaryan to exercise his power as Protector of the Alpha Trust to dismiss CTX and appoint new trustees, approved by the Court, who will follow Mr. Yegiazaryan's instructions to effectuate this Court's orders, in the event CTX fails to do so.

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

14

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

      e.    After the funds are transferred, authorizing Mr. Smagin to levy execution on such transferred amounts as necessary to satisfy the London Award and the Judgment -- $92,503,652, plus all interest, costs, and attorneys fees incurred prior to the date of full satisfaction of the arbitral award and the judgment of this Court confirming that award;

    B.    For an accounting of Mr. Yegiazaryan's assets, including specifically a tracing of the funds from the Kerimov Settlement and all funds moving into or out of the Alpha Trust at any time since its inception;

    C.    For the establishment of a constructive trust on the proceeds of the Kerimov Settlement that were transferred into the Alpha Trust and all proceeds thereof, such that these assets shall be held in trust for the benefit of Mr. Smagin until full satisfaction of the London Award and the Judgment -- $92,503,652, plus all interest, costs, and attorneys fees incurred prior to the date of full satisfaction of the London Award and Judgment;

    D.    For preliminary and permanent injunctions enjoining Defendants and all those acting under their direction or control from any actions, including but not limited to distributions, dissipations or any other diminishment of the assets of the Alpha Trust as well as any changes to the Alpha Trust documents or any other actions which may endanger Mr. Smagin's right to collect the full sum of the London Award and the Judgment -- $92,503,652, plus all interest, costs, and attorneys fees incurred prior to the date of full satisfaction of the London Award and Judgment, or that in any way diminish Mr. Yegiazaryan's rights in the Alpha Trust;

    E.    For an award of compensatory damages to Mr. Smagin to compensate him for the harm caused by Mr. Yegiazaryan's wrongful actions;

    F.    For an award of punitive and exemplary damages in an amount sufficient to punish Mr. Yegiazaryan's improper conduct and deter such conduct in the future;

15

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE

1    G.   For an award of all costs incurred by Mr. Smagin herein and in related
2 proceedings to enforce the London Award and the Judgment confirming that award;
3    H.   For an award of all attorney's fees incurred by Mr. Smagin herein and in
4 related proceedings to enforce the London Award and the Judgment confirming that
5 award;
6    I.   For an award of pre-and post-judgment interest on all amounts awarded;
7    J.   For any and all such other and further relief as may be just and proper,
8 including but not limited to any and all relief that may be available under or permitted
9 by California Civil Code sections 3439.01 et. seq., or any other applicable law.

Dated:   August 18, 2017          BAKER & McKENZIE LLP


                                  By:/s/ Bruce H. Jackson
                                     Bruce H. Jackson
                                     Attorneys for Plaintiff
                                     VITALY IVANOVICH SMAGIN

Baker & McKenzie LLP
Two Embarcadero Center
11th Floor
San Francisco, CA 94111
Tel: 415 576 3000

6788343-v5\SFODMS

16

Case No. 2:17-cv-6126
COMPLAINT FOR RECOVERY OF FRAUDULENT CONVEYANCE