**RAINES FELDMAN LLP**
Hamid R. Rafatjoo (SBN 181564)
1800 Avenue of the Stars, 12th Floor
Los Angeles, California 90067
Telephone: (310) 440-4100
Facsimile: (310) 691-1943

*Attorneys for Evgeniy Nikolaevich Ratnikov,*
*the Duly Appointed Insolvency Officer and*
*Trustee of Vitaly Ivanovich Smagin*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITALY IVANOVICH SMAGIN, | Case No.:  2:17-CV-06126-RGK-PLA |
| Plaintiff, | Assigned to:  The Hon. R. Gary Klausner |
| v. | **NOTICE OF FILING CHAPTER 15 PETITION FOR RECOGNITION OF A FOREIGN PROCEEDING** |
| ASHOT YEGIAZARYAN a/k/a ASHOT EGIAZARYAN; CTX TREUHAND AG as Trustee for the ALPHA TRUST, | |
| Defendants. | |

**PLEASE TAKE NOTICE** that on June 30, 2021, Evgeniy Nikolaevich Ratnikov (the "**Foreign Representative**"), the duly appointed insolvency officer and trustee of Vitaly Ivanovich Smagin (the "**Debtor**" or "**Mr. Smagin**") in Mr. Smagin's pending insolvency proceeding (the "**Russian Proceeding**") under the Federal Law No 127-FZ "On Insolvency (Bankruptcy)" dated October 26, 2002, as amended (the "**Russian Bankruptcy Law**"), filed a *Chapter 15 Petition for Recognition of a Foreign Proceeding* and the *Application for Recognition of Foreign Main Proceeding and Certain Related Relief* (collectively, the "**Petition**") in the United States Bankruptcy Court for the Central District of California (the "**Bankruptcy Court**") commencing a case under chapter 15 of Title 11 of the United States Code (the "**Bankruptcy Code**") and seeking recognition of the Russian Proceeding as a "foreign main proceeding" and certain related relief, including but not limited to the

1

entrustment pursuant to section 1121(a)(5) of the Bankruptcy Code of the Foreign Representative with the administration and exercise of all rights and powers of the Debtor with respect to this action, and any other pending action in the Central District of California, and any related appeals.  A true and correct copy of the Petition is attached hereto as **Exhibit 1**.

PLEASE TAKE FURTHER NOTICE that, pursuant to the *Order Scheduling Hearing on Chapter 15 Petition and Approving Form and Manner of Notice* (the "**Scheduling Order**"), a copy of which is attached hereto as **Exhibit 2**, the Bankruptcy Court has scheduled a hearing on **July 28, 2021** at **11:00 a.m.** (PST) before the Honorable Sheri Bluebond (the "**Hearing**"), United States Bankruptcy Judge for the Central District of California.

Dated:  July 7, 2021

RAINES FELDMAN LLP

By: ___ /s/ Hamid R. Rafatjoo _____
        Hamid R. Rafatjoo

Attorneys for Evgeniy Nikolaevich Ratnikov, *the Duly Appointed Insolvency Officer and Trustee of Vitaly Ivanovich Smagin*

2

NOTICE OF FILING CHAPTER 15 PETITION

# EXHIBIT 1

| Fill in this information to identify the case: |
| --- |

United States Bankruptcy Court for the:

Central _____ District of _____ California _____
                                              (State)

Case number (*If known*): _____ Chapter 15

☐ Check if this is an
   amended filing

Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**

Vitaly Ivanovich Smagin

**2. Debtor's unique identifier**

**For non-individual debtors:**

☐ Federal Employer Identification Number (EIN)  ___ ___ – ___ ___ ___ ___ ___ ___ ___

☐ Other _____. Describe identifier _____.

**For individual debtors:**

☐ Social Security number:  xxx – xx– ____ ____ ____ ____

☐ Individual Taxpayer Identification number (ITIN):  **9** xx – xx – ____ ____ ____ ____

☒ Other 773407885620 _____. Describe identifier  TIN _____.

**3. Name of foreign representative(s)**

Evgeniy Nikolaevich Ratnikov

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

Proceeding in Moscow Arbitration Court, Russia (Federal Law No. [127-FZ] "On Insolvency (Bankruptcy)"),
Case No. A40-17597/20-4-36F

**5. Nature of the foreign proceeding**

*Check one:*

☒ Foreign main proceeding
☐ Foreign nonmain proceeding
☐ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

☐ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

☒ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.
   See Declaration of Evgeniy Nikolaevich Ratnikov and other supporting documents filed
   contemporaneously herewith

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

☐ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

| Debtor | Vitaly Ivanovich Smagin | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**8.  Others entitled to notice**

Attach a list containing the names and addresses of:

(i)  all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii)  all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9.  Addresses**

**Country where the debtor has the center of its main interests:**

Russian Federation

**Debtor's registered office:**

_____
Number      Street

_____
P.O. Box

_____
City          State/Province/Region      ZIP/Postal Code

_____
Country

**Individual debtor's habitual residence:**

Desenovskoye Settlement
_____
Number      Street

Novovatutinsky Prospect, 10, bldg 1 apt. 44
_____
P.O. Box

Moscow
_____
City          State/Province/Region      ZIP/Postal Code

RUSSIA
_____
Country

**Address of foreign representative(s):**

Ulitsa Druzhby, 9, apt. 200
_____
Number      Street

_____
P.O. Box

Lyubertsy, Moscow Region 140013
_____
City          State/Province/Region      ZIP/Postal Code

RUSSIA
_____
Country

**10.  Debtor's website** (URL)

N/A

**11.  Type of debtor**

*Check one:*

❑  Non-individual (*check one*):

    ❑  Corporation.  Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

    ❑  Partnership

    ❑  Other.  Specify: _____

☒  Individual

| Debtor | Vitaly Ivanovich Smagin | Case number (if known) |
|--------|--------------------------|------------------------|
|        | Name                     |                        |

**12. Why is venue proper in this district?**

Vitaly Ivanovich Smagin v. Ashot Yegiazaryan, et al., Case No. 2:14-cv-09764-RGK-PLA, pending in the USDC for the Central District of California;  Vitaly Ivanovich Smagin v. Ashot Yegiazaryan, et al., Case No. 2:17-cv-06126-RGK-PLA, pending in the USDC for the Central District of California; and Vitaly Ivanovich Smagin v. Compagnie Monégasque De Banque a/k/a CMB Bank, et al., Case No. 2:20-cv-11236-RGK-PLA, pending in the USDC for the Central District of California

Check one:

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:_____.

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct,

✗ _____     Evgeniy Nikolaevich Ratnikov
Signature of foreign representative          Printed name

Executed on  06 29 2021
                    MM / DD / YYYY

✗ _____     _____
Signature of foreign representative          Printed name

Executed on  _____
                    MM / DD / YYYY

**14. Signature of attorney**

✗ _____     Date   6/30/2021
Signature of Attorney for foreign representative          MM / DD / YYYY

Hamid R. Rafatjoo
Printed name
Raines Feldman LLP
Firm name
1800 Avenue of the Stars, 12th Floor
Number        Street
Los Angeles
City                                              CA            90067
                                                  State         ZIP Code

(310) 440-4100                                    hrafatjoo@raineslaw.com
Contact phone                                     Email address

181564                                            CA
Bar number                                        State

1    Hamid R. Rafatjoo (SBN 181564)
     **RAINES FELDMAN LLP**
2    1800 Avenue of the Stars, 12th Floor
     Los Angeles, CA 90067
3    Telephone:   (310) 440-4100
     Facsimile:    (310) 691-1367
4    Email:      hrafatjoo@raineslaw.com

5    Carollynn H.G. Callari (*Pro Hac Vice Pending*)
     David S. Forsh (*Pro Hac Vice Pending*)
6    **RAINES FELDMAN LLP**
     One Rockefeller Plaza, 10th Floor
7    New York, NY 10020
     Email:      ccallari@raineslaw.com
8              dforsh@raineslaw.com

9    *Counsel for the Foreign Representative*

10

11                 **UNITED STATES BANKRUPTCY COURT**

12       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

13    In re:                     Case No. 2:21-bk-15342-BB

14    VITALY IVANOVICH SMAGIN,      Chapter 15

15        Debtor in a Foreign Proceeding.    **FOREIGN REPRESENTATIVE'S**
                                  **APPLICATION FOR RECOGNITION**
16                                   **OF FOREIGN MAIN PROCEEDING**
                                  **AND CERTAIN RELATED RELIEF**
17

18
                                                                                                                        
19        Evgeniy Nikolaevich Ratnikov ("**Mr. Ratnikov**" or the "**Foreign Representative**"), in his

20 capacity as the duly-appointed insolvency officer and trustee of Vitaly Ivanovich Smagin ("**Mr.**

21 **Smagin**" or the "**Debtor**") in the Debtor's liquidation proceeding pending in the Russian

22 Federation (the "**Russian Proceeding**") under the Russian Federation Federal Law No. 127-FZ

23 "On Insolvency (Bankruptcy)" dated October 26, 2002, as amended (the "**Russian Bankruptcy**

24 **Law**"), hereby submits this application for recognition of a foreign main proceeding and certain

25 related relief in support of the *Chapter 15 Petition for Recognition of a Foreign Proceeding* filed

26 contemporaneously herewith, and respectfully states as follows:

27        As set forth in the accompanying *Memorandum in Support of Recognition of Foreign Main*

28 *Proceeding and Certain Related Relief*, and by the Declaration of Professor Marina V. Telyukina

1

1   in Support of Verified Petition and Declaration of Evgeniy Nikolaevich Ratnikov in Support of Verified

2   Petition, the Court should recognize the Russian Proceeding as a foreign main proceeding. The

3   Russian Proceeding is a collective judicial or administrative proceeding pending before the

4   Arbitration Court of the City of Moscow (the "**Moscow Court**") in Russia and is being conducted

5   under Russian insolvency laws for purposes of liquidating the Debtor's assets. The Russian

6   Proceeding is the sole foreign proceeding respecting the Debtor.  As the Debtor is a natural-born

7   Russian citizen residing in Moscow, his center of main interests is Russia and the Russian

8   Proceeding constitutes a foreign main proceeding.  The Foreign Representative also seeks an order

9   affirming the Foreign Representative's right and power to marshal the Debtor's assets in the United

10  States including, without limitation, assuming control over certain pending actions commenced by

11  the Debtor in this district and to conduct related discovery.  To the extent not automatically provided

12  upon recognition of the Russian Proceeding as a foreign main proceeding, this necessary and

13  appropriate relief will allow the Foreign Representative to fulfill his duties to investigate, pursue,

14  marshal and liquidate the Debtor's assets wherever located for the benefit of all creditors of the

15  Debtor, and to prevent the Debtor from wrongfully transferring or otherwise dissipating assets of

16  the estate.

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Exhibit 1, Page 7

1    WHEREFORE, the Foreign Representative respectfully requests that the Court enter an

2    order, substantially in the form attached hereto as **Exhibit A**, (i) granting the Petition and

3    recognizing the Foreign Proceeding as a foreign main proceeding pursuant to section 1517 of the

4    Bankruptcy Code, (ii) recognizing the Foreign Representative as the "foreign representative," as

5    defined in section 101(24) of the Bankruptcy Code, of the Debtor and entrusting the Foreign

6    Representative with the administration of the Debtor's assets within the territorial jurisdiction of

7    the United States, (iii) giving full force and effect and granting comity in the United States to the

8    order of the Moscow Court implementing the liquidation of the Debtor, (iv) enjoining all parties

9    from commencing or taking any action in the United States to obtain possession of, exercise control

10   over, or assert claims against the Debtor or his property, and (v) granting such other and further

11   relief as this Court deems just and proper.

12   Dated:   June 30, 2021                    **RAINES FELDMAN LLP**

13

14                                            By:___/s/ Hamid R. Rafatjoo_____
                                                  Hamid R. Rafatjoo
15                                                Carollynn H.G. Callari
                                                  David S. Forsh
16
                                              *Counsel for the Foreign Representative*
17

18

19

20

21

22

23

24

25

26

27

28

1   Hamid R. Rafatjoo (SBN 181564)
    **RAINES FELDMAN LLP**
2   1800 Avenue of the Stars, 12th Floor
    Los Angeles, CA 90067
3   Telephone:     (310) 440-4100
    Facsimile:     (310) 691-1367
4   Email:         hrafatjoo@raineslaw.com

5   Carollynn H.G. Callari (*Pro Hac Vice Pending*)
    David S. Forsh (*Pro Hac Vice Pending*)
6   **RAINES FELDMAN LLP**
    One Rockefeller Plaza, 10th Floor
7   New York, NY 10020
    Email:         ccallari@raineslaw.com
8                  dforsh@raineslaw.com

9   *Counsel for the Foreign Representative*

10

11              **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

13  | In re: | Case No.  2:21-bk-15342-BB |
14  | VITALY IVANOVICH SMAGIN, | Chapter 15 |
15  | Debtor in a Foreign Proceeding. | **FOREIGN REPRESENTATIVE'S MEMORANDUM IN SUPPORT OF RECOGNITION AS A FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF** |

18

19

20

21

22

23

24

25

26

27

28

TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................... 1

JURISDICTION AND VENUE ......................................................................................... 2

BACKGROUND ................................................................................................................ 2

    I.        THE DEBTOR AND THE RUSSIAN PROCEEDING .......................................... 2

    II.      THE DEBTOR'S KEY ASSETS AND LIABILITIES ......................................... 3

           A.      Claims Asserted Against the Debtor .......................................................... 3

                 a.      The Debtor's Assets ........................................................ 3

RELIEF REQUESTED ....................................................................................................... 5

BASIS FOR RELIEF REQUESTED .................................................................................. 5

    III.     THIS CASE IS FILED FOR AN ELIGIBLE DEBTOR AND IS
               APPROPRIATELY VENUED IN THIS DISTRICT ........................................... 5

    IV.     THE RUSSIAN PROCEEDING SHOULD BE RECOGNIZED AS A
               FOREIGN MAIN PROCEEDING ....................................................................... 7

           A.      The Russian Proceeding is a Foreign Proceeding ..................................... 7

           B.      The Debtor's Center of Main Interests is in Russia ................................... 9

           C.      Mr. Ratnikov is an Appropriate Foreign Representative ......................... 10

           D.      The Requirements of Section 1515 Have Been Satisfied ........................ 11

           E.      Recognition of the Russian Proceeding is not Manifestly Contrary
                 to Public Policy ....................................................................................... 11

    V.      RELIEF UNDER SECTIONS 1520 AND 1521 IS APPROPRIATE ................. 12

RESERVATION OF RIGHTS ......................................................................................... 16

HEARING DATE AND NOTICE ................................................................................... 16

CONCLUSION ................................................................................................................ 17

i

Exhibit 1, Page 10

**TABLE OF AUTHORITIES**

**Cases**

*Drawbridge Special Opps. Fund LP v. Barnet (In re Barnet)*,
    737 F.3d 238 (2d Cir. 2013) ........................................................................... 6

*In re ABC Learning Centres Ltd.*,
    445 B.R. 318 (Bankr. D. Del. 2010), *aff'd*, 728 F.3d 301 (3d Cir. 2013) ............................. 8, 12

*In re Betcorp Ltd.*,
    400 B.R. 266 (Bankr. D. Nev. 2009) ............................................................... 8

*In re British Am. Ins. Co.*,
    488 B.R. 205 (Bankr. S.D. Fl. 2013 ............................................................... 6

*In re Kemsley*,
    489 B.R. 346 (Bankr. S.D.N.Y. 2013) ............................................................ 9

*In re Millennium Glob. Emerging Credit MasterFund Ltd.*,
    471 B.R. 342 (Bankr. S.D.N.Y. 2012) ........................................................... 15

*In re Rede Energia, S.A.*,
    515 B.R. 69 (Bankr. S.D.N.Y. 2014) ......................................................... 11, 12

*In re SPhinX Ltd.*,
    351 B.R. 103 (Bankr. S.D.N.Y. 2006) ........................................................... 15

*In re Vitro S.A.B. de CV*,
    701 F.3d 1031 (5th Cir. 2012) ...................................................................... 11

*Kingvision Pay-Per--View Ltd. v. Lake Alice Bar*,
    168 F.3d 347 (9th Cir. 1999) ......................................................................... 6

*Lavie v. Ran (In re Ran)*,
    607 F.3d 1017 (5th Cir. 2010) ....................................................................... 9

*Standard Oil Co. v. New Jersey*,
    341 U.S. 428 (1951) ..................................................................................... 6

**Statutes**

11 U.S.C. § 101(23) ........................................................................................ 7

11 U.S.C. § 101(24) ...................................................................................... 10

11 U.S.C. § 109(a) .......................................................................................... 5

11 U.S.C. § 1501 ........................................................................................... 11

11 U.S.C. § 1502(4) ........................................................................................ 9

11 U.S.C. § 1516(c) ........................................................................................ 9

11 U.S.C. § 1517(a) ........................................................................................ 7

11 U.S.C. § 1517(a)(3) .................................................................................. 11

11 U.S.C. § 1517(b) ........................................................................................ 7

11 U.S.C. § 1517(b)(1) .................................................................................... 9

11 U.S.C. § 1520(a) ...................................................................................... 13

11 U.S.C. § 1521(a) ...................................................................................... 14

11 U.S.C. § 1521(a)(4) .................................................................................. 15

28 U.S.C. § 1410(1) ........................................................................................ 6

ii

28 U.S.C. § 1410(3) ...................................................................................................... 6

**Other Authorities**

United States." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 109 (2005).............................. 11

iii

Evgeniy Nikolaevich Ratnikov ("**Mr. Ratnikov**" or the "**Foreign Representative**"), in his capacity as the duly appointed insolvency officer and trustee of Vitaly Ivanovich Smagin ("**Mr. Smagin**" or the "**Debtor**") in the Debtor's insolvency proceeding pending in the Russian Federation (the "**Russian Proceeding**") under the Russian Federation Federal Law No. 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian Bankruptcy Law**"), hereby submits this memorandum in support of the *Chapter 15 Petition for Recognition of a Foreign Proceeding* and the *Application for Recognition of Foreign Main Proceeding and Certain Related Relief* filed contemporaneously herewith (together, the "**Petition**"), and respectfully states as follows:

## PRELIMINARY STATEMENT

1.      Mr. Smagin is the debtor in an ongoing liquidation proceeding in the Russian Federation ("**Russia**") under the oversight of the Arbitration Court of the City of Moscow (the "**Moscow Court**").  Mr. Ratnikov is the trustee duly appointed by the Moscow Court to liquidate Mr. Smagin's assets for the benefit of creditors.  By the Petition, the Foreign Representative is seeking recognition of the Russian Proceeding as a foreign main proceeding and related relief. The Foreign Representative is not seeking provisional relief at this time.

2.      The Declaration of Professor Marina V. Telyukina in Support of Verified Petition ("**Prof. Telyukina Declaration**") and Declaration of Evgeniy Nikolaevich Ratnikov in Support of Verified Petition ("**Ratnikov Declaration**") filed with the Court concurrently herewith set forth the relevant facts of this case, which fall squarely within the straightforward statutory requirements for recognition of a foreign main proceeding. Specifically, the Russian Proceeding is a collective judicial or administrative proceeding pending before the Moscow Court in Russia and is being conducted under Russian insolvency laws for purposes of liquidating the Debtor's assets.  The Russian Proceeding is the sole foreign proceeding respecting the Debtor.  Further, the Debtor is a native-born Russian citizen who resides in Moscow.  Accordingly, the Debtor's center of main interests is Russia and the Russian Proceeding is a foreign main proceeding.  Further, recognition of the Russian Proceeding as a foreign main proceeding would not be manifestly contrary to any public policy of the United States.  Lastly, the Debtor's primary assets located in the United States consist of claims and causes of action the Debtor is pursuing in this district.

1

3.       The Foreign Representative is also seeking, upon recognition, an order from the Court affirming the Foreign Representative's right and power to marshal the Debtor's assets in the United States including, without limitation, assuming control over the ongoing actions commenced by the Debtor in this district and to conduct related discovery.  This relief will facilitate the Foreign Representative's fulfillment of his duties to investigate, pursue, marshal and liquidate the Debtor's assets wherever located for the benefit of all creditors of the Debtor, and to prevent the Debtor from wrongfully transferring or otherwise dissipating assets of the estate.

### JURISDICTION AND VENUE

4.       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, sections 109 and 1501 of the Bankruptcy Code, and General Order 13-05 of the United States District Court for the Central District of California.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).  Venue is proper before this Court pursuant to 28 U.S.C. § 1410(1) or, in the alternative, 28 U.S.C. § 1410(3).

### BACKGROUND

**I.       THE DEBTOR AND THE RUSSIAN PROCEEDING**

5.       Mr. Smagin is an individual and citizen of the Russian Federation, residing at Desenovskoye settlement, Novovatutinsky Prospect, 10, bldg 1 apt. 44, Moscow, Russia.  *See* Ratnikov Declaration ¶ 5; Liquidation Order (defined below) (Moscow Court entered order in May, 2021, finding Debtor is Russian citizen).

6.       On May 15, 2020, a creditor of Mr. Smagin filed an application with the Arbitration Court of the City of Moscow (the "**Moscow Court**") to declare Mr. Smagin insolvent on account for a lack of payment and to commence restructuring or liquidation proceedings under Russian Bankruptcy Law.  Ratnikov Declaration ¶ 10.  On August 20, 2020, the Moscow Court presiding over the Russian Proceeding ordered the commencement of bankruptcy proceedings to restructuring the debts of Mr. Smagin (the "**Commencement Order**").  A copy of the Commencement Order is attached to the Ratnikov Declaration as Exhibit A.  By the Commencement Order, the Moscow Court also appointed Mr. Ratnikov as the insolvency

2

officer/financial manager for Mr. Smagin's Russian Proceeding. Ratnikov Declaration ¶ 4; Prof. Telyukina Declaration ¶ 24.

7.      On April 1, 2021, a meeting of creditors was held to consider the Debtor's proposed restructuring plan in the Russian Proceeding.  Ratnikov Declaration ¶ 10.  The creditors did not accept the Debtor's proposed restructuring plan and applied to the Moscow Court for the commencement of liquidation procedures rather than acceptance of the Debtor's restructuring plan. *Id*.  On May 28, 2021, the Moscow Court adjudged the Debtor insolvent and initiated procedures to liquidate the Debtor's assets (the "**Liquidation Order**"). *Id*.  A copy of the Liquidation Order is attached to the Ratnikov Declaration as Exhibit B.  By the Liquidation Order, the Moscow Court also appointed the Mr. Ratnikov as the trustee for the Debtor to preside over the liquidation.  *Id*.  A status hearing before the Moscow Court is scheduled for November 1, 2021.  *Id.* ¶ 8

## II.      THE DEBTOR'S KEY ASSETS AND LIABILITIES

### A.      Claims Asserted Against the Debtor

8.      An initial deadline for creditors to register claims against the Debtor has passed. Ratnikov Declaration ¶ 12.  However, creditors may continue to submit claims during the Russian Proceeding but such claims will not be considered "registered." *Id.* Any unregistered claims, if accepted, will be paid from the balance of the estate (if any) only after all "registered" claims are satisfied in full. *Id.*  The Moscow Court has already approved approximately $19.8 million in claims and, based on the Foreign Representative's review of the record of filed claims, it is estimated that more than approximately $160 million in claims have been submitted against the Debtor.  *Id.*

#### a.      *The Debtor's Assets*

9.      The Foreign Representative's investigation into the Debtor's assets remains ongoing.  Ratnikov Declaration ¶ 12.  However, to date, the California Judgment (defined and discussed below), which is located in this district, appears, by far, to be the Debtor's largest and main asset. *Id*.  The Debtor's other assets in the United States also are comprised of claims and causes of action located in this district. *Id*. ¶ 15.

3

10.     In 2014, Mr. Smagin obtained a multi-million dollar award from the London Court of International Arbitration (the "**London Award**") against Ashot Yegiazaryan ("**Mr. Yegiazaryan**"), a Russian citizen currently domiciled in Los Angeles, and certain related persons or entities. *See* Petition to Confirm Foreign Arbitral Awards, Case No. 2:14-CV-09764 (D.Ct. C.D. Ca. Dec. 2014), a copy of which is annexed to the Ratnikov Declaration as Exhibit C.  The basis for this award relates to certain contracts and alleged breaches relating to the financing and development of certain commercial real estate in the Moscow area.  *Id. at 3.*

11.     In 2014, Mr. Smagin commenced an action in the United States District Court for the Central District of California (the "**District Court**") captioned *Smagin v. Yegiazaryan et al., Case No. 2:14-cv-09764-RGK-PLA* (the "**2014 Action**"), seeking to confirm and enforce the London Award against Mr. Yegiazaryan. *Id.*  On March 31, 2016, the District Court entered a judgment confirming the London arbitration award in favor of the Debtor in the amount of $92,503,652 (the "**California Judgment**"), which judgment remains unsatisfied. *See* Ratnikov Declaration ¶ 17.  A copy of the California Judgment is annexed to the Ratnikov Declaration as Exhibit G.

12.     On August 18, 2017, the Debtor filed an action in the District Court against Mr. Yegiazaryan and other defendants seeking to recover certain alleged fraudulent transfers captioned *Smagin v. Yegiazaryan et al.*, Case No. 2:17-cv-6126-RGK-PLA (the "**2017 Action**"), which action is currently stayed pending certain decisions from the Ninth Circuit. *See* Ratnikov Declaration ¶ 15.  A copy of the Complaint commencing the 2017 Action is annexed to the Ratnikov Declaration as Exhibit D.

13.     On December 11, 2020, the Debtor commenced an action in the District Court against Mr. Yegiazaryan and other defendants captioned *Smagin v. Compagnie Monégasque De Banque et al.*, Case No. 2:20-cv-11236-RGK-PLA (the "**2020 Action**"), asserting certain civil racketeering and conspiracy (RICO) claims against Mr. Yegiazaryan and the other defendants on account of alleged actions to frustrate the Debtor's enforcement of the California Judgment. *See* Ratnikov Declaration ¶ 15.  A copy of the Complaint commencing the 2020 Action is annexed to the Ratnikov Declaration as Exhibit E.  The Debtor identifies himself in the complaint commencing

4

1    the 2020 Action as a Russian citizen residing in Moscow.  *See* Complaint commencing the 2020

2    Action ¶ 6.  In an apparent attempt to frustrate the Russian Proceeding, the Debtor named Mr.

3    Ratnikov as a defendant in the 2020 Action alleging his collusion with Mr. Yegiazaryan in various

4    respects.  *See* Ratnikov Declaration ¶ 15; Complaint commencing the 2020 Action at 3-5.  Mr.

5    Ratnikov did not respond or submit to the personal jurisdiction of the District Court with respect to

6    the 2020 Action.  On May 5, 2021, the District Court dismissed the Debtor's 2020 Action complaint

7    against all defendants "[b]ecause Smagin is a citizen of Russia residing in Moscow" and did not

8    experience any injury in the United States that could provide standing for the Defendant to

9    prosecute the RICO-based claims (the "**District Court Dismissal Order**").  A copy of the District

10   Court Dismissal Order is annexed to the Ratnikov Declaration as Exhibit F.  The Debtor has

11   appealed the dismissal.

### RELIEF REQUESTED

12

13       14.    The Foreign Representative seeks entry of an order, substantially in the form

14   attached to the *Application for Recognition of Foreign Main Proceeding and Certain Related Relief*

15   filed contemporaneously herewith (i) granting the Petition and recognizing the Foreign Proceeding

16   as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) recognizing the

17   Foreign Representative as the "foreign representative," as defined in section 101(24) of the

18   Bankruptcy Code, of the Debtor and entrusting the Foreign Representative with the administration

19   of the Debtors' assets within the territorial jurisdiction of the United States, (iii) giving full force

20   and effect and granting comity in the United States to the Commencement Order, (iv) enjoining all

21   parties from commencing or taking any action in the United States to obtain possession of, exercise

22   control over, or assert claims against the Debtor or his property, and (v) granting such other and

23   further relief as this Court deems just and proper.

### BASIS FOR RELIEF REQUESTED

24

25   **III.    THIS CASE IS FILED FOR AN ELIGIBLE DEBTOR AND IS APPROPRIATELY**
26   **VENUED IN THIS DISTRICT**

27       15.    Only a person who resides or has a domicile, a place of business, or property in the

28   United States, or a municipality, may be a debtor under the Bankruptcy Code.  11 U.S.C. § 109(a).

Exhibit 1, Page 17

The eligibility requirements of section 109(a) apply in Chapter 15 cases. *Drawbridge Special Opps. Fund LP v. Barnet (In re Barnet)*, 737 F.3d 238, 247 (2d Cir. 2013). Mr. Smagin's property in the United States consists of his rights and causes of action in the 2014 Action, 2017 Action and the 2020 Action, including but not limited to the California Judgment, all of which are located in this District.

16.    The California Judgment constitutes property of Mr. Smagin, as do the underlying rights and causes of action. *Kingvision Pay-Per--View Ltd. v. Lake Alice Bar*, 168 F.3d 347, 352 (9th Cir. 1999) ("A judgment is property"). The California Judgment remains unsatisfied and the underlying action remains pending in the District Court. Similarly, the 2017 Action is presently stayed but remains pending in the District Court, and the Debtor has appealed the dismissal of the 2020 Action by the District Court to the Ninth Circuit. The location of intangible assets may be determined by the power to control over such assets. *See generally Standard Oil Co. v. New Jersey*, 341 U.S. 428, 439 (1951) (holding that the situs of an intangible asset can be determined by control, including by jurisdiction over parties owning such property). As the District Court has the power to interpret and enforce the California Judgment and over the underlying action, and over the 2017 Action and 2020 Action, and over the parties to such actions, the appropriate location of such property is in this District. *See In re British Am. Ins. Co.*, 488 B.R. 205, 231-32 (Bankr. S.D. Fl. 2013) ("If a court has both subject matter and personal jurisdiction [over the parties], then the claim subject to litigation is present in that court.").

17.    The California Judgment is the Debtor's principal asset in the United States. Ratnikov Declaration ¶ 12. Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1410(1).

18.    In the alternative, venue in this district is appropriate under 28 U.S.C. § 1410(3). The Debtor is seeking to enforce the California Judgment, issued from the District Court, against a person domiciled in Los Angeles. *See* Petition commencing 2014 Action ¶ 2 (a copy of which is annexed to the Ratnikov Declaration as Exhibit C) and Complaint commencing the 2020 Action (each noting Defendant Ashot Yegiazaryan resides in Los Angeles, California). Further, the Debtor and key parties to this Chapter 15 Proceeding are party to the ongoing Pending Litigations in this

6

district.  Accordingly, the convenience of the parties in interest and the interests of justice will best be served by establishing venue in this district.

## IV.  THE RUSSIAN PROCEEDING SHOULD BE RECOGNIZED AS A FOREIGN MAIN PROCEEDING

19.     Section 1517(a) of the Bankruptcy Code provides that the bankruptcy court shall enter an order recognizing a foreign proceeding if "(1) such foreign proceeding for which recognition is sought is a foreign main proceeding or foreign nonmain proceeding within the meaning of section 1502 [of the Bankruptcy Code]; (2) the foreign representative applying for recognition is a person or body; and (3) the petition meets the requirements of section 1515" of the Bankruptcy Code.  11 U.S.C. § 1517(a).  "Such foreign proceeding shall be recognized . . . as a foreign main proceeding if it is pending in the country where the debtor has the center of its main interests." 11 U.S.C. § 1517(b).  For the reasons set forth below, the Russian Proceeding should be recognized as a foreign main proceeding.

### A.     The Russian Proceeding is a Foreign Proceeding

20.     The Bankruptcy Code defines a foreign proceeding as "a collective judicial or administrative proceeding in a foreign country, including an interim proceeding, under a law relating to insolvency or the adjustment of debt in which proceeding the assets and affairs of the debtor are subject to control or supervision by a foreign court, for the purpose of reorganization or liquidation." 11 U.S.C. § 101(23).  Here, the Russian Proceeding meets each of these elements.

21.     As a threshold matter, Russian insolvency proceedings under the Russian Bankruptcy Law have previously been recognized by bankruptcy courts as foreign proceedings pursuant to section 1517(a) of the Bankruptcy Code.  *See, e.g., In re ForeignEconomic Industrial Bank Limited, "Vneshprombank" Ltd.*, Case No. 16-13534-mkv, Dkt. No. 24 (Bankr. S.D.N.Y. Feb. 15, 2017); *In re Poymanov*, Case No. 17-10516-mkv, Dkt. No. 88 (Bankr. S.D.N.Y. July 31, 2017); *In re Markus*, Case No. 19-10096-mkv, Dkt. No. 29 (Bankr. S.D.N.Y. Apr. 1, 2019).

22.     A foreign proceeding is generally a "statutory framework that constrains a [debtor's] actions and that regulates the final distribution of a [debtor's] assets" and includes "acts and formalities set down in law so that courts, merchants and creditors can know them in advance, and

7

1   apply them evenly in practice." *In re Betcorp Ltd.*, 400 B.R. 266, 277-78 (Bankr. D. Nev. 2009).

2   As set forth in the Prof. Telyukina Declaration, the Russian Proceeding is governed by the Russian

3   Bankruptcy Law, which addresses the insolvency of debtors and the adjustment of debts, for the

4   purpose of collecting and distributing the debtor's assets under judicial supervision to satisfy

5   creditor claims.  Prof. Telyukina Declaration at 8-10.

6         23.     A proceeding is "collective" if it considers the rights and obligations of all creditors.

7   *See, e.g., In re ABC Learning Centres Ltd.*, 445 B.R. 318, 328 (Bankr. D. Del. 2010), *aff'd*, 728

8   F.3d 301 (3d Cir. 2013).  As set forth in the Prof. Telyukina Declaration, Russian Bankruptcy Law

9   requires all creditors to submit their claims in proceedings such as the Russian Proceeding, and the

10   Foreign Representative is obligated to dispose of all of the Debtor's assets (excluded certain assets

11   exempt by law, not applicable here) and distribute the proceeds among all creditors according to

12   the rankings and priorities established under the Russian Bankruptcy Law.   Prof. Telyukina

13   Declaration ¶ 22.

14         24.     A proceeding is administrative where a non-judicial party performs tasks such as

15   managing assets and conducting investigations, and is judicial when a court exercises its

16   supervisory powers.   *In re ABC Learning Centres Ltd.*, 445 B.R. at 328.   Here, the Russian

17   Proceeding is both an administrative and a judicial proceeding.  Here, the Foreign Representative

18   has been empowered to, among other things, manage, marshal and liquidate the Debtor's assets,

19   subject to oversight by the Moscow Court.   Prof. Telyukina Declaration ¶¶ 24-25; Ratnikov

20   Declaration ¶¶ 8, 18.

21         25.     Further, the Russian Proceeding is subject to the ongoing control and supervision of

22   the Moscow Court.  Ratnikov Declaration ¶ 8. The Russian Proceeding was commenced by order

23   of the Russian Court after notice and a hearing.   Prof. Telyukina Declaration ¶ 24; Ratnikov

24   Declaration ¶ 10.  At commencement, the Foreign Representative was appointed as the financial

25   manager of the Debtor. *Id.*  After a creditors' meeting was held in accordance with the Russian

26   Bankruptcy Law, the creditors rejected the Debtor's proposed restructuring plan and moved the

27   Russian Court to reject that plan and convert the Russian Proceeding into a liquidation.  Prof.

28   Telyukina Declaration ¶ 24; Ratnikov Declaration ¶ 11.  After notice and a hearing, the Russian

8

1   Court rejected the Debtor's proposed restructuring plan, converted the Russian Proceeding into a

2   liquidation proceeding, and expanded the Foreign Representative's mandate to be the trustee over

3   the Debtor's assets to liquidate and make distributions to creditors. *Id*. The Russian Proceeding

4   remains under supervision of the Russian Court, with a status hearing due on November 1, 2021.

5   *Id.*

6       26.    In addition, the creditors and other parties with interests affected by the Russian

7   Proceeding have procedural protections and recourse to the Russian Court. Among other things,

8   creditors and third parties are entitled to notice of the proceedings, and have the right to oppose any

9   judgment affecting their interests under certain circumstances. Specifically, interested third parties

10  may oppose a judgment if they were not properly notified to appear before the court, did not in fact

11  appear before the court (regardless of whether they were summoned) and were not made a party to

12  the proceeding through joinder or judicial intervention. Prof. Telyukina Declaration ¶ 11.

13      **B.    The Debtor's Center of Main Interests is in Russia**

14      27.    In addition to qualifying as a "foreign proceeding" under section 101(23), the

15  Russian Proceeding qualifies as a "foreign main proceeding". A foreign main proceeding is defined

16  in the Bankruptcy Code as "a foreign proceeding pending in the country where the debtor has the

17  center of its main interests." 11 U.S.C. § 1502(4); *see also* 11 U.S.C. § 1517(b)(1) (providing that

18  an order of recognition of a foreign main proceeding shall be entered if the foreign proceeding that

19  is subject to the petition "is pending in the country where the debtor has the center of its main

20  interests"). The statute also provides that "[i]n the absence of evidence to the contrary, the debtor's

21  registered office, or habitual residence in the case of an individual, is presumed to be the center of

22  the debtor's main interests." 11 U.S.C. § 1516(c).

23      28.    The Bankruptcy Code does not define "habitual residence," but courts have

24  considered this to be virtually identical to the concept of domicile, which is established by "physical

25  presence in a location coupled with an intent to remain in that location." *Lavie v. Ran (In re Ran)*,

26  607 F.3d 1017, 1022 (5th Cir. 2010). *See also In re Kemsley*, 489 B.R. 346, 353 (Bankr. S.D.N.Y.

27  2013) ("The term habitual residence includes an element of permanence and stability and is

28

9

1    comparable to domicile; it connotes a meaningful connection to a jurisdiction, a home base where

2    an individual lives, raises a family, works and has ties to the community.").

3          29.     Here, Mr. Smagin is a native-born Russian citizen who resides in Moscow, Russia.

4    The Debtor has admitted his citizenship and residency in recent judicial filings, including his

5    complaint commencing the 2020 Action filed on December 11, 2020.  See Complaint commencing

6    2020 Action ¶ 6.  In its order dismissing that complaint last month, the District Court specifically

7    found that Mr. Smagin was a Russian citizen residing in Russia.  *See* District Court Dismissal Order

8    attached as Exhibit F to the Ratnikov Declaration.  Accordingly, the Debtor's center of main

9    interests is in Russia and the Russian Proceeding is a foreign main proceeding.

10         **C.**     **Mr. Ratnikov is an Appropriate Foreign Representative**

11          30.     The Bankruptcy Code defines a foreign representative as "a person or body,

12    including a person or body appointed on an interim basis, authorized in a foreign proceeding to

13    administer the reorganization or the liquidation of the debtor's assets or affairs or to act as a

14    representative of such foreign proceeding.  11 U.S.C. § 101(24).

15          31.     As set forth in the Liquidation Order, the Foreign Representative is an individual

16    appointed by the court in Russia as the trustee for the Debtor.  As the Bankruptcy Trustee, the

17    Foreign Representative is responsible for overseeing the liquidation of the Debtor's assets,

18    including verifying creditors' claims filed against the Debtor, managing the Debtor's bankruptcy

19    estate, marshalling and liquidating the Debtor's assets, including commencing and managing

20    litigations related to the Debtor's assets or liabilities, pursuing any assets such as claims and causes

21    of actions belonging to the Debtor, tracing and challenging transactions that did not benefit the

22    estate, and pursuing actions against persons that contributed to the Debtor's insolvency, and

23    preparing reports for the court. *See* Prof. Telyukina Declaration ¶¶ 16-19, 24-25; Ratnikov

24    Declaration ¶ 8. Additionally, the Foreign Representative is authorized to commence this Petition

25    and seek recognition of the Russian Proceeding.  See Prof. Telyukina Declaration ¶ 25; Ratnikov

26    Declaration ¶ 2.

27          32.     Therefore, Mr. Ratnikov is a proper "foreign representative" within the meaning of

28    section 101(24) of the Bankruptcy Code and for purposes of chapter 15 of the Bankruptcy Code.

### D. The Requirements of Section 1515 Have Been Satisfied

33.     Recognition of a foreign main proceeding also requires satisfaction of the procedural requirements of section 1515 of the Bankruptcy Code. 11 U.S.C. § 1517(a)(3). All such procedural requirements have been satisfied here. First, the Foreign Representative has submitted documents, translated into English, which evidence the existence of the Russian Proceeding and the appointment of the Foreign Representative as foreign representative thereof, as required by sections 1515(b)(1)-(2) and (d) of the Bankruptcy Code. *See* Ratnikov Declaration ¶¶ 4, 7 and Exhibits thereto. The Foreign Representative has also identified the Russian Proceeding as the only foreign insolvency proceeding currently pending with respect to the Debtor and satisfies the requirements of section 1515(c) of the Bankruptcy Code. *See* Ratnikov Declaration ¶ 8. Finally, the lists and statements required pursuant to Bankruptcy Rule 1007(a)(4) were included with the Petition.

### E. Recognition of the Russian Proceeding is not Manifestly Contrary to Public Policy

34.     For the reasons set forth above, the Petition meets the standard for recognition of a foreign main proceeding under section 1517 of the Bankruptcy Code. As the Russian Proceeding and the empowerment of the Foreign Representative was ordered by the Moscow Court after due process in accordance with Russian Bankruptcy Law, recognizing the Russian Proceeding is congruent with the principle of comity that is "central to Chapter 15." *In re Vitro S.A.B. de CV*, 701 F.3d 1031, 1043 (5th Cir. 2012). In addition, the relief requested here would foster cooperation between courts in Russia and the United States, which is a paramount and statutorily recognized goal of proceedings under chapter 15 of the Bankruptcy Code. 11 U.S.C. § 1501 (noting that the "objectives" of chapter 15 include "cooperation between courts of the United States [and other United States parties] and the courts and other competent authorities of foreign countries involved in cross-border insolvency cases"). The legislative history indicates that the "public policy" exception is narrow, applying only to the "most fundamental policies of the United States." H. Rep. No. 109-31, pt. 1, 109th Cong., 1st Sess. 109 (2005). Courts have similarly construed this free-floating public policy exception narrowly. *See In re Rede Energia, S.A.*, 515 B.R. 69, 92 (Bankr. S.D.N.Y. 2014) ("[T]he public policy exception is clearly drafted in narrow terms and 'the few

11

1  reported cases that have analyzed [section] 1506 at length recognize that it is to be applied

2  sparingly.'") (citation omitted); *ABC Learning Centres Ltd.*, 445 B.R. at 335.  Under this standard,

3  "[t]he key determination . . . is whether the procedures used [in the foreign proceeding] meet our

4  fundamental standards of fairness." *Rede Energia*, 515 B.R. at 91.  It is well established "that the

5  relief granted in a foreign proceeding and the relief available in the United States do not need to be

6  identical." *Id.*; *see also ABC Learning Centres Ltd.*, 728 F.3d 301, 309 (3d Cir. 2013).

7       35.    Here, the Foreign Proceeding is consistent with the public policy of the United

8  States.  As described above and in the Ratnikov Declaration and Prof. Telyukina Declaration, the

9  Russian Bankruptcy Law provides for a process that ensures fair treatment of creditors. See Prof.

10  Telyukina Declaration ¶¶ 9-11; Ratnikov Declaration ¶ 8, 18.  The Debtor and numerous creditors

11  have been actively involved in the Russian Proceeding and will continue to be heard by the Moscow

12  Court.  The Foreign Representative is required under the Russian Bankruptcy Law to act for the

13  benefit of the Debtors' creditors collectively, and is operating under the continued supervision of

14  the Moscow Court.  *See* Prof. Telyukina Declaration ¶ 24; Ratnikov Declaration ¶ 8.

15  **V.    RELIEF UNDER SECTIONS 1520 AND 1521 IS APPROPRIATE**

16       36.    The Debtor's assets in the United States principally consist of certain actions in this

17  District, in particular the California Judgment. Ratnikov Declaration ¶ 17.  Indeed, the Debtor's

18  objections to the Russian Proceeding relied in part on the existence of the California Judgment.

19  Ratnikov Declaration ¶ 17.  While the Foreign Representative's investigation into the Debtor's

20  assets is ongoing, it is likely that the California Judgment will be a key asset and a material source

21  of recovery for the Debtor's creditors.  *Id.*  However, the Debtor has evidenced an unwillingness

22  to pay his debts, does not represent or act in the interests of the creditors in the Russian Proceeding,

23  and is incurring additional liabilities to be satisfied from his assets in pursuit of the California

24  Judgment and the related actions in this District. *Id.*  Most recently, in an apparent attempt to evade

25  the reach of his creditors, the Debtor improperly and without authorization transferred a substantial

26  portion of his interest in the California Judgment (*i.e.*, over $115 million of receivables) to a third-

27  party, Lionmoor Foundation (the "**Unauthorized Receivables Transfer**").  The Debtor has not

28  turned over the proceeds to the estate. Ratnikov Declaration ¶ 21. In contrast, the Foreign

12

| | |
|---|---|
| 1 | Representative is charged with and has a significant interest in protecting and monetizing the |
| 2 | California Judgment for the benefit of the Debtor's creditors. *Id.* |
| 3 | 37.    Upon recognition of the Russian Proceeding as a foreign main proceeding, the |
| 4 | Bankruptcy Code provides for certain relief to the Foreign Representative pursuant to section 1520 |
| 5 | with respect to the Debtor's property within the territorial jurisdiction of the United States without |
| 6 | any further showing. |
| 7 | 38.    Specifically, section 1520 of the Bankruptcy Code provides for the following relief: |

(1)    sections 361 and 362 apply with respect to the debtor and the property of the debtor that is within the territorial jurisdiction of the United States;

(2)    sections 363, 549, and 552 apply to a transfer of an interest of the debtor in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate;

(3)    unless the court orders otherwise, the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552; and

(4)    section 552 applies to property of the debtor that is within the territorial jurisdiction of the United States.

11 U.S.C. § 1520(a).

39.    In addition, where necessary to effectuate the purpose of Chapter 15 and to protect the assets of the debtor or interests of its creditors, the court may grant additional appropriate relief, including:

(1)    staying the commencement or continuation of an individual action or proceeding concerning the debtor's assets, rights, obligations or liabilities to the extent they have not been stayed under section 1520(a);

(2)    staying execution against the debtor's assets to the extent it has not been stayed under section 1520(a);

(3)    suspending the right to transfer, encumber or otherwise dispose of any assets of the debtor to the extent this right has not been suspended under section 1520(a);

(4)    providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities;

(5)    entrusting the administration or realization of all or part of the debtor's assets within the territorial jurisdiction of the

13

United States to the foreign representative or another person, including an examiner, authorized by the court;

(6)    extending relief granted under section 1519(a); and

(7)    granting any additional relief that may be available to a trustee, except for relief available under sections 522, 544, 545, 547, 548, 550, and 724(a).

11 U.S.C. § 1521(a).

40.    As set forth in the Foreign Representative Declaration, the Debtor's assets in the United States principally consist of certain actions in this District, in particular the California Judgment. Ratnikov Declaration ¶ 17. Indeed, the Debtor's objections to the Russian Proceeding relied in part on the existence of the California Judgment. *Id.* While the Foreign Representative's investigation into the Debtor's assets is ongoing, it is likely that the California Judgment will be a key asset and a material source of recovery for the Debtor's creditors. *Id.* However, the Debtor has evidenced an unwillingness to pay his debts, does not represent or act in the interests of the creditors in the Russian Proceeding, and is incurring additional liabilities to be satisfied from his assets in pursuit of the California Judgment and the related actions in this District. *Id.* ¶¶ 14, 17. The Debtor's recent unauthorized transfer of a substantial portion of his interests in the California Judgment to a third-party and failure to turnover any proceeds therefrom to the estate smacks of bad faith. *See Id.* ¶ 17. In contrast, the Foreign Representative is charged with and has a significant interest in protecting and monetizing the California Judgment for the benefit of the Debtor's creditors. *Id.*

41.    Accordingly, the Foreign Representative seeks an order from the Court (i) establishing that the Debtor's rights and causes of action arising from or relating to the 2014 Action, 2017 Action and 2020 Action, including but not limited to the California Judgment and the pending appeal of the dismissal of the 2020 Action, are under the exclusive control and administration of the Foreign Representative, (ii) authorizing the Foreign Representative's appearance in such actions in such capacity and on behalf of the Debtor for all purposes, and (iii) enjoining the Debtor from

14

interference with the Foreign Representative's efforts with respect to such proceedings and the California Judgment.[1]

42.     The Foreign Representative is authorized and obligated under the Liquidation Order and Russian Bankruptcy Law to exercise such powers and to take such actions. *See* Foreign Declaration ¶ 25; Ratnikov Declaration ¶¶ 8, 18, 20. The Foreign Representative submits that the automatic relief provided under section 1520 encompasses this requested relief. *See* 11 U.S.C. 1520(a)(3) ("the foreign representative may operate the debtor's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552."). However, out of an abundance of caution, the Foreign Representative further submits that such relief, to the extent not already provided by operation of section 1520, is necessary and appropriate under the circumstances and should be granted pursuant to section 1521. *See* 11 U.S.C. §1521(a)(5) (providing for the foreign representative to administer and realize on assets within the territorial jurisdiction of the United States).

43.     Further, to diligently fulfill his duties under the Liquidation Order and Russian Bankruptcy Law in administering and realizing on the Debtor's actions pending in this District, the Foreign Representative requests authority to obtain discovery from persons within the territorial jurisdiction of the United States. Ratnikov Declaration ¶¶ 20, 23. As noted above, the relief available upon request to a foreign representative may include "providing for the examination of witnesses, the taking of evidence or the delivery of information concerning the debtor's assets, affairs, rights, obligations or liabilities." 11 U.S.C. § 1521(a)(4).

44.     Courts have held that section 1521(a)(4) provides for not only the examination of witnesses but the production of documents. *See In re Millennium Glob. Emerging Credit Master Fund Ltd.*, 471 B.R. 342, 346 (Bankr. S.D.N.Y. 2012) (holding that section 1521(a)(4) "enables a Foreign Representative to take broad discovery concerning the property and affairs of a debtor," including document requests); *In re SPhinX Ltd.*, 351 B.R. 103, 113 (Bankr. S.D.N.Y. 2006) (recognizing various forms of relief available to a foreign representative in chapter 15 proceedings,

---

[1]   In light of the Debtor's recent unauthorized transfer of a substantial interest in the California Judgment in violation of Russian Bankruptcy Laws, the Foreign Representative also will be seeking relief from the Moscow Court. *See* Ratnikov Declaration ¶ 22.

15

1   including "the examination of witnesses and the delivery of information").    The Foreign

2   Representative seeks, upon recognition of the Russian Proceeding, to take the discovery of all

3   entities, that upon information and belief, are related to, affiliated with, owned, or controlled by

4   Yegiazaryan or related entities, the recent Unauthorized Receivables Transfer, or that otherwise

5   may have information relevant to the Debtor's claims and actions.    The issuance of one or more

6   subpoenas compelling the production of documents and the attendance at deposition by parties who

7   have, or may have, knowledge of the whereabouts of estate assets is consistent with the fundamental

8   policies of the Russian Bankruptcy Law and the Bankruptcy Code.

9                                   **RESERVATION OF RIGHTS**

10          45.      Pursuant to sections 1519(a) and 1521(a) of the Bankruptcy Code, the Foreign

11   Representative hereby reserves all rights to seek, at any point (either before or after a change in

12   circumstances under section 1518 of the Bankruptcy Code), further and other relief from this Court

13   that may be necessary to implement the Russian Proceeding and to effectuate the purposes of

14   chapter 15.

15                                 **HEARING DATE AND NOTICE**

16          46.      The Foreign Representative requests that the Court set a date for a hearing at the

17   earliest possible time pursuant to section 1517(c) of the Bankruptcy Code and Bankruptcy Rule

18   2002(q) to approve the Petition and recognize the Russian Proceeding as a foreign main proceeding.

19   If no objections to the Petition are filed by the date ordered for such objections, the Foreign

20   Representative requests that the Court enter the Proposed Order recognizing the Russian

21   Proceeding as a foreign main proceeding without a hearing.

22          47.      In furtherance of this request, the Foreign Representative has filed the *Ex Parte Motion*

23   *for Order Scheduling Hearing on Chapter 15 Petition and* *Specifying Form and Manner of Notice*

24   contemporaneously herewith.

25   ///

26   ///

27   ///

28

16

**CONCLUSION**

WHEREFORE, the Foreign Representative respectfully requests that the Court grant the

relief requested herein and grant such other and further relief as is just and proper.


Dated: June 30, 2021                 **RAINES FELDMAN LLP**


By:___/s/ Hamid R. Rafatjoo_____
               Hamid R. Rafatjoo
               Carollynn H.G. Callari
               David S. Forsh

*Counsel for the Foreign Representative*

# EXHIBIT A

1   Hamid R. Rafatjoo (SBN 181564)
    **RAINES FELDMAN LLP**
2   1800 Avenue of the Stars, 12th Floor
    Los Angeles, CA 90067
3   Telephone:    (310) 440-4100
    Facsimile:    (310) 691-1367
4   Email:         hrafatjoo@raineslaw.com

5   Carollynn H.G. Callari (*Pro Hac Vice Pending*)
    David S. Forsh (*Pro Hac Vice Pending*)
6   **RAINES FELDMAN LLP**
    One Rockefeller Plaza, 10th Floor
7   New York, NY 10020
    Email:         ccallari@raineslaw.com
8                  dforsh@raineslaw.com

9   *Counsel for the Foreign Representative*

10

11                 **UNITED STATES BANKRUPTCY COURT**

12          **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

13   In re:                               Case No.  2:21-bk-15342-BB

14   VITALY IVANOVICH SMAGIN,             Chapter 15

15          Debtor in a Foreign Proceeding.   **ORDER GRANTING RECOGNITION
                                             AND RELIEF IN AID OF A FOREIGN
16                                           MAIN PROCEEDING PURSUANT TO
                                             11 U.S.C. §§ 1517, 1520 AND 1521**
17
                                             Date:
18                                           Time:
                                             Place:  Courtroom
19                                                   255 Temple Street
                                                     Los Angeles, CA 90012
20

21          Upon the petition filed by Evgeniy Nikolaevich Ratnikov ("**Mr. Ratnikov**" or the

22   "**Foreign Representative**") commencing this chapter 15 case in respect of Vitality Ivanovich

23   Smagin ("**Mr. Smagin**" or the "**Debtor**") and seeking recognition of the ongoing liquidation

24   proceeding against Mr. Smagin in the Arbitration Court of the City of Moscow (the "**Russian

25   Proceeding**") under Federal Law No 127-FZ "On Insolvency (Bankruptcy)" (the "**Russian

26   Bankruptcy Law**") as a foreign main proceeding under the Bankruptcy Code; and due and

27   timely notice of the filing of the Petition and the hearing thereon having been provided by the

28

1    Foreign Representative; and the Court having reviewed and considered all pleadings and other

2    documents filed in connection with the Petition, including without limitation the Memorandum

3    in Support of Recognition as a Foreign Main Proceeding and Certain Related Relief (the

4    "**Memorandum**"),[1] and after due deliberation and sufficient cause appearing therefore,

5    THE COURT HEREBY FINDS AND CONCLUDES THAT:

6    A.    To the extent any of the following findings of fact constitute conclusions of law,

7    they are adopted as such.  To the extent any of the following conclusions of law constitute

8    findings of fact, they are adopted as such.

9    B.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

10   1334.  Venue of this proceeding is proper in this judicial district pursuant to 28 U.S.C. §

11   1410(1) or, in the alternative, 28 U.S.C. §1410(3).  This is a core proceeding under 28 U.S.C.

12   § 157(b)(2)(P).

13   C.    Notice of the Petition and related pleadings was provided by the Foreign

14   Representative in accordance with the *Order Scheduling Hearing on Chapter 15 Petition and*

15   *Approving Form and Manner of Notice*.  Under the circumstances, such service constitutes

16   due, adequate and sufficient notice of the Petition, the related pleadings and the relief requested

17   therein, to all parties entitled to such notice under the Bankruptcy Code and Bankruptcy Rules,

18   and no other or further notice is necessary or required.

19   D.    The Russian Proceeding is a "foreign proceeding" within the meaning of section

20   101(23) of the Bankruptcy Code.

21   E.    The Foreign Representative is the duly appointed "foreign representative" of

22   the Debtor within the meaning of section 101(24) of the Bankruptcy Code.

23   F.    The Debtor's center of main interests is Russia.  The Russian Proceeding is a

24   "foreign main proceeding" within the meaning of section 1502(4) of the Bankruptcy Code.

25   G.    This case was properly commenced pursuant to section 1515 of the Bankruptcy

26   Code.

27

28   _____

[1] Capitalized terms used but not defined herein have the meaning ascribed to such terms in the Memorandum.

2904120.1

1

2    NOW, THEREFORE, IT IS HEREBY:

3    ORDERED that, pursuant to sections 1517(a) and 1517(b)(1) of the Bankruptcy Code,

4    the Russian Proceeding is granted recognition as a foreign main proceeding, with Mr. Ratnikov

5    as the foreign representative of the Russian Proceeding; and it is further

6    ORDERED that the (i) order of the Arbitration Court of the City of Moscow dated

7    August 20, 2020 initiating a debt restructuring procedure in respect of Mr. Smagin and

8    appointing Mr. Ratnikov as the financial administrator of the Debtor, and (ii) order of the

9    Arbitration Court of the City of Moscow dated May 28, 2021 converting the debt restructuring

10   procedure in respect of Mr. Smagin into a liquidation procedure and appointing Mr. Ratnikov

11   as the trustee to conduct said liquidation, are recognized by this Court and applicable to the

12   Debtor's creditors located in the territorial jurisdiction of the United States; and it is further

13   ORDERED that all relief afforded to a foreign main proceeding pursuant to 11 U.S.C.

14   § 1520(a) is hereby granted to the Russian Proceeding, the Debtor's assets, and the Foreign

15   Representative as applicable; and it is further

16   ORDERED that, pursuant to sections 362 and 1520(a) of the Bankruptcy Code, all

17   persons are hereby stayed from taking any actions or steps within the territorial jurisdiction of

18   the United States in contravention or to the detriment of the Russian Proceeding or its

19   administration, implementation or enforcement, including without limitation transferring,

20   encumbering or otherwise disposing of any assets, whether tangible or intangible, of the Debtor

21   or commencing or continuing any litigation or other proceeding (or enforcing any order

22   therefrom) against or involving the Foreign Representative (in the Foreign Representative's

23   capacity as foreign representative of the Debtor) and any assets or any rights, obligations, or

24   liabilities of the Debtor; and it is further

25   ORDERED that, pursuant to section 1521(a)(3) of the Bankruptcy Code, the right of

26   any person to transfer, encumber or otherwise dispose of any asset of the Debtor is hereby

27   suspended except with the prior consent of the Foreign Representative; and it is further

28

2904120.1

1

2          ORDERED that, pursuant to section 1521(a)(4) of the Bankruptcy Code, the Foreign

3   Representative is authorized to issue subpoenas for the production of documents and

4   examination of witnesses to parties in the United States concerning the assets, affairs, rights,

5   obligations, or liabilities of the Debtor and in furtherance of the Russian Proceeding; and it is

    further

6          ORDERED that, pursuant to section 1521(a)(5) of the Bankruptcy Code, the Foreign

7   Representative shall exclusively administer all of the Debtor's assets within the territorial

8   jurisdiction of the United States.  Without limiting the foregoing, the Foreign Representative

9   shall administer and exercise all of the Debtor's rights and powers concerning or relating to

10  *Smagin v. Yegiazaryan et al.,* Case No. 2:14-cv-09764-RGK-PLA (C.D. Cal.), *Smagin v.*

11  *Yegiazaryan et al.*, Case No. 2:17-cv-6126-RGK-PLA (C.D. Cal.), *Smagin v. Compagnie*

12  *Monégasque De Banque et al.*, Case No. 2:20-cv-11236-RGK-PLA (C.D. Cal.) and any

13  appeals relating to the foregoing; and it is further

14         ORDERED that no action taken by the Foreign Representative, or any of his

15  successors, agents, representatives, advisers or counsel, in preparing, disseminating, applying

16  for, implementing or otherwise acting in furtherance of or in connection with the Russian

17  Proceeding or this Chapter 15 case, or any adversary proceeding herein, or further proceeding

18  commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded to

19  such persons under 11 U.S.C. §§ 306 and 1510; and it is further

20         ORDERED, that this Order shall be served upon all parties as identified in the Debtor's

21  lists filed in connection with the Petition, by electronic mail or by facsimile transmission, or

22  by courier or in the event service by electronic mail or facsimile cannot be accomplished, then

23  by either United States mail, first class postage prepaid, overnight delivery, or electronic mail,

24  within 5 business days; and it is further

25         ORDERED, that Foreign Representative shall retain the right to seek further relief from

26  this Court that may be necessary to implement the Russian Proceeding and/or to effectuate the

27  purposes of chapter 15; and it is further

28

2904120.1

1

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement,

2

amendment or modification of this Order.

3

### 

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

1  Hamid R. Rafatjoo (SBN 181564)
**RAINES FELDMAN LLP**
2  1800 Avenue of the Stars, 12th Floor
Los Angeles, CA 90067
3  Telephone:    (310) 440-4100
Facsimile:    (310) 691-1367
4  Email:    hrafatjoo@raineslaw.com

5  Carollynn H.G. Callari (*Pro Hac Vice Pending*)
David S. Forsh (*Pro Hac Vice Pending*)
6  **RAINES FELDMAN LLP**
One Rockefeller Plaza, 10th Floor
7  New York, NY 10020
Email:    ccallari@raineslaw.com
8        dforsh@raineslaw.com

9  *Counsel for the Foreign Representative*

FILED & ENTERED

JUL 01 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY wesley      DEPUTY CLERK

CHANGES MADE BY COURT

10

11        **UNITED STATES BANKRUPTCY COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

13  In re:

14  VITALY IVANOVICH SMAGIN,

15        Debtor in a Foreign Proceeding.

Case No.  2:21-bk-15342-BB

Chapter 15

**ORDER SCHEDULING HEARING ON CHAPTER 15 PETITION AND APPROVING FORM AND MANNER OF NOTICE**

16

17

18

19        Upon the motion (the "**Motion**")[1] of Evgeniy Nikolaevich Ratnikov (the "**Foreign

20  Representative**"), the duly appointed insolvency officer and trustee of Vitaly Ivanovich

21  Smagin (the "**Debtor**" or "**Mr. Smagin**") in Mr. Smagin's pending insolvency proceeding (the

22  "**Russian Proceeding**") under the Russian Federal Law No 127-FZ "On Insolvency

23  (Bankruptcy)" dated October 26, 2002, as amended (the "**Russian Bankruptcy Law**"), for the

24  ex parte entry of an order scheduling a hearing on the *Chapter 15 Petition for Recognition of

25  a Foreign Proceeding* and the *Foreign Representative's Application for Recognition of

26  Foreign Main Proceeding and Certain Related Relief*  (collectively, the "**Petition**") and

27  _____

28  [1]  Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

1

2904127.1

Exhibit 2, Page 36

specifying the form and manner of notice of the hearing thereon; and the Court having reviewed and considered all pleadings and other documents filed in connection with the Motion, and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, that the form of the Notice attached as Exhibit B to the Motion is hereby APPROVED, *provided such notice is modified in both of the following respects:*

1. **The second paragraph on page 2 of the Notice that begins at line 4.5 shall be deleted and replaced with the following:**

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order Scheduling Hearing on Verified Chapter 15 Petition and Specifying Form and Manner of Notice of Hearing (the "Scheduling Order"), a copy of which is attached hereto, the Bankruptcy Court has scheduled a hearing on July 28, 2021 at 11:00 a.m. (PST) before the Honorable Sheri Bluebond (the "Hearing"). The Hearing will be conducted via Zoom for Government. The service is free to participants. Participants will be connected with the courtroom using these technologies but will not be physically present in the courtroom. Participants may connect to the videoconference through an Internet browser by entering the Videoconference URL shown below, as well as the meeting ID and password, when prompted.

Videoconference URL:  https://cacb.zoomgov.com/j/16161090855
Meeting ID:            161 6109 0855
Password:              148508

If a participant is unable to send and receive audio through his/her computer, the audio of the hearing may be accessed by telephone using the following audio conference information:

Audioconference Tel. No.:  (Dial by your location)
    +1 669 254 5252 US (San Jose)
    +1 669 216 1590 US (San Jose)
    +1 646 828 7666 US (New York)
    +1 551 285 1373 US
    833 568 8864 US Toll-free

Meeting ID: 161 6109 0855
Password: 148508

2. **The sixth paragraph on page 2 that begins at line 17 shall be deleted and replaced with the following:**

PLEASE TAKE FURTHER NOTICE that the Foreign Representative intends to raise issues pertaining to foreign law, specifically Russian Federal Law No 127-FZ "On Insolvency (Bankruptcy)" and related Russian laws, in connection with the Petitions: (i) recognizing the Russian Proceeding as a foreign main proceeding pursuant to chapter 15 of the Bankruptcy Code and the Foreign Representative as the foreign representative under Chapter 15 of the

2

Bankruptcy Code including sections 1509 and 1517 of the Bankruptcy Code and entrusting the Foreign Representative with the administration of the Debtor's assets within the territorial jurisdiction of the United States; (ii) granting automatic relief pursuant to section 1520 of the Bankruptcy Code; (iii) giving full force and effect and granting comity in the United States to the order of the Moscow Court implementing the liquidation of the Debtor; (iv) enjoining all parties from commencing or taking any action in the United States to obtain possession of, exercise control over, or assert claims against the Debtor or his property; and (v) granting such other and further relief as this Court deems just and proper.

**AND IT IS FURTHER ORDERED** that, prior to mailing the Notice or publishing the Notice of Recognition Hearing, the Foreign Representative shall fill in any missing dates and other information as ordered by this Court, correct any typographical errors, conform the provisions thereof to the provisions of this Order, and make such other and further non-material, non-substantive changes as the Foreign Representative deems necessary or appropriate; and it is further

**ORDERED** that copies of the Notice, the Petition and the documents filed in support thereof shall be served by United States mail, first-class postage prepaid within three business days of entry of this Order upon the Chapter 15 Notice Parties at their last known addresses; and it is further

**ORDERED** that the Foreign Representative shall promptly publish the Notice in the Unified Federal Register of Bankruptcy Data; and it is further

**ORDERED** that notice and service in accordance with this Order is hereby approved as adequate and sufficient notice of the requested relief; and it is further

**ORDERED** that a hearing (the "**Hearing**") on the relief sought in the Petition shall be held on **July 28, 2021 at 11:00 a.m.** Pacific Time (the "**Hearing Date**"), or as soon thereafter as counsel may be heard, at the United States Bankruptcy Court for the Central District of California, via Zoom for Government, utilizing the meeting information set forth above; and it is further

**ORDERED** that responses or objections, if any, to the requested relief must be in writing describing the basis therefor and shall be filed with the clerk of the Court and served upon Raines Feldman LLP, 1800 Avenue of the Stars, 12th Floor, Los Angeles, California

2904127.1

90067 (Attention: Hamid R. Rafatjoo), counsel to the Foreign Representative, so as to be received on or before 4:00 p.m. Pacific Time on **July 14, 2021;** and it is further

**ORDERED** that replies in support of the relief sought in the Petition shall be filed with the Court on or before 4:00 p.m. Pacific Time on **July 21, 2021;** and it is further

**ORDERED** that the Hearing may be adjourned from time to time without notice other than an announcement in open court at the Hearing or the adjourned date of the hearing; and it is further

**ORDERED** that all notice requirements specified in section 1514(c) of Bankruptcy Code not incorporated herein are otherwise waived; and it is further

**ORDERED** that service pursuant to this Order shall be good and sufficient service and adequate notice of the hearing to consider the Petition and the Foreign Representative's request for an order granting recognition of the foreign proceeding as a "foreign main proceeding" and for other appropriate relief, including imposition of the automatic stay and recognition of the Foreign Representative's powers and duties as foreign representative under Chapter 15 of the Bankruptcy Code.

###

Date: July 1, 2021

Sheri Bluebond
United States Bankruptcy Judge

2904127.1

1

CERTIFICATE OF SERVICE

2

     I declare that I am a citizen of the United States and I am employed in Los Angeles,

3

California; that my business address is 1800 Avenue of the Stars, 12th Floor, Los Angeles,
California 90067; that I am over the age of 18 and not a party to the above-entitled action.

4

     I am employed by a member of the United States District Court for the Central District

5

of California, and at whose direction I caused service of the foregoing document entitled
**NOTICE OF FILING CHAPTER 15 PETITION FOR RECOGNITION OF A**

6

**FOREIGN PROCEEDING** on the interested parties as follows:

7

    [X]    **BY ELECTORNIC TRANSMISSION**: by electronically filing the foregoing
with the Clerk of the District Court using its CM/ECF System pursuant to the

8

Electronic Case Filing provisions of the United States District Court General
Order and E-Government Act of 2002, which electronically notifies all parties

9

in this case.

10

     I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct.  Executed on July 7, 2021, at Los Angeles, California.

11

12

                /s/ Bambi Clark

13

                Bambi Clark

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2913510.1

1

NOTICE OF FILING CHAPTER 15 PETITION